IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEBORHA BRUCE, | ) | No. CV-F-08-804 OWW/SMS |
| | ) | |
| | ) | MEMORANDUM DECISION GRANTING |
| | ) | DEFENDANTS' MOTION TO |
| Plaintiff, | ) | DISMISS OR FOR SUMMARY |
| | ) | JUDGMENT IN PART WITH |
| vs. | ) | PREJUDICE AND IN PART WITH |
| | ) | LEAVE TO AMEND (Doc. 16) AND |
| | ) | DIRECTING PLAINTIFF TO FILE |
| ALAN PERRY, et al., | ) | SECOND AMENDED COMPLAINT |
| | ) | WITHIN 20 DAYS |
| | ) | |
| Defendants. | ) | |
| | ) | |

On June 9, 2008, Plaintiff Deborha M. Bruce, proceeding *in pro per,* filed a Complaint against "Allan Perry/Veterans Affairs/Veterans Medical Center." The first page of the "Complaint" asserts:

> Nature of suit: Assaults, libel, slander, and defamation of character, victimization in a Federal work place, harassments, and intimations [sic].
>
> Cause of actions:
>
> Statements made are in writing and remain on work record, and have caused harm to my

1

employment record and family members and
self.

Loss of ability to fair employment at site.

Loss of the right to freedom of speech: at
employment site.

Loss of the right to earn an income at site.

Allegations made towards me were false in
nature; statements prove to false in writing
placed in to [sic] my work record. A lack of
truthfulness: due to cross-referencing, of
statements prove statements to be false and
on going. Bases show that underlying caused
or personal action of a fellow worker, lead
false allegations of parties insole [sic].

In which the Veterans Medical Center,
allowed, causing harm towards me, and my
right to fair employment at said site.

The balance of the Complaint is comprised on 302 pages of copies on numerous documents ranging from handwritten notes, emails, letters, EEO complaints and responses thereto, jury service summonses and excuses, and even an invitation to a graduation. Some of the attached copies are illegible.

On September 18, 2008, Plaintiff filed an "Amendment":

I am Deborha Bruce, I hereby request for
amendment be set forth in above case, Case
should include the following as to
Jurisdiction and additional submissions of
codes in which cause of action or complaint
is being filed:

Justifying Jurisdiction, said case defendants
are in part/work, of the federal departments
in which federal jurisdictions are required
in order for case to be heard.

Additional submissions of Codes are as
follows:

Section. 46. 3. 5. Section 48.8(a). Section

| | |
|---|---|
| 1 | 3294.  Section 51.7(a) Unruh Civil Rights Act.  Section 59.9(a)(1)(2)(4)-(b) Section 460 Section 4680.5 Section 1786.53(a) Section 815.2(a) |

```
          3294.  Section 51.7(a) Unruh Civil Rights
          Act.  Section 59.9(a)(1)(2)(4)-(b) Section
          460 Section 4680.5 Section 1786.53(a) Section
          815.2(a)

          Disparate treatment (Quinones v. Department
          of Defense)

          Constitutional Declaration of Rights Evidence
          code Section 352, 782, 1103 St. Mary's Honor
          Center v. Hicks, 509 U.S. 502, 511 (1993)

          Please understand that I am doing my best in
          trying to represent myself and my knowledge
          is limited to trying to put this case into
          all of the codes, which maybe [sic] needed to
          be applied to this case.

          I understand that I may not have made it
          clear on the bases in which I am filing this
          case.

          Therefore I am requesting that this case be
          heard upon it's own merits instead of any and
          all standing laws of this date, for it is
          unique upon it's [sic] own.

          I am able to understand that the only way I
          may receive any kind of justice for these
          issues is by bringing them forth into your
          Jurisdiction.

          The charges/complaints: Libel, Slander, and
          Assaults on federal property, defamations of
          my character, victimization in a federal work
          place, harassments, and intimations in a
          Federal work place.

          Disparate Treatment.

          And being threaten with AWOL for having a
          Jury Summons.
```

On November 19, 2008, Plaintiff filed a handwritten pleading, asserting:

```
          I Deborha Bruce wish to Amend Amount of
          Demand to: 10,400,000.00 or to the Maximum
          amount allowed by law.
```

On March 25, 2009, the United States Attorney's Office, on behalf of Defendants, filed a motion to dismiss pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, or for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, on the ground that the Court lacks subject matter jurisdiction.[1]

Defendants' motion specifically advised Plaintiff of the requirements of Rule 78-230, Local Rules of Practice. Plaintiff did not file a response to the motion until April 22, 2009. Plaintiff's opposition does not respond to the substantive merits of the motion to dismiss.

In support of Defendants' motion is filed the Declaration of Donald C. Philips:

> 1. I am a General Attorney with the U.S. Department of Veterans Affairs' Office of Regional Counsel based in San Francisco, California. I have held this position since 1998. I am familiar with plaintiff Deborha Bruce's ('plaintiff') First Amended Complaint in this action filed against the Department of Veterans Affairs ('Agency'). I base the content of this declaration on personal knowledge unless otherwise qualified. If called to testify about the content of this declaration, I could and would competently do so.
>
> 2. As part of my duties as a General Attorney, I am familiar with the records compiled by the Agency in the ordinary course of business, and have access to those records. In the ordinary course of may job, I also provide information and assistance to

---

[1] Defendants assert that, in light of the ambiguity of Plaintiff's claims, they are not certain who the proper defendant is in this action, if anyone. Defendants note that they do not waive challenging the Court's jurisdiction over claims Plaintiff asserts against any or all of the named Defendants.

4

the United States Attorney's office in connection with ongoing litigation. During my tenure here, I have handled tort and employment claims and am familiar with the filing and processing of tort and employment claims for the Agency's San Francisco Regional Counsel's Office.

3. The San Francisco Regional Counsel's Office is the proper location for claimants to file administrative tort and employment claims against the Agency. The San Francisco Regional Counsel's Office has jurisdiction over tort and employment claims filed against the Agency in the State of California. The Regional Counsel's Office's records system tracks claims of any kind (including, but not limited to, torts and employment claims) received by or opened in our office. I have conducted a search of the San Francisco Regional Counsel's Office database for any tort or employment claims made by Plaintiff Deborha Bruce.

4. I have reviewed the Agency's records to determine whether Plaintiff Bruce filed any administrative tort claims pursuant to the Federal Tort Claims Act (through the completion of an SF-95 or other notice of claim of injury) against the Agency. If any such claims were filed with the Agency, they should have been delivered to and processed by our office. (38 C.F.R. § 14.604(a)).

5. After my review of the San Francisco Regional Counsel's Office's records, I concluded that the Agency has not received any tort claims filed by Plaintiff Bruce, or on her behalf, either before or since her filing suit in this action.

6. In my capacity as General Attorney I am also familiar with the records maintained by the Agency relating to employment claims. The Agency maintains records of all employment claims and my search of the Agency's records demonstrated that Plaintiff Deborha Bruce made an employment claim and that Plaintiff was advised on November 6, 2006 of her right to file a formal complaint within 15 days. Plaintiff Bruce did not make

> a formal complaint until November 27, 2006 and her complaint was denied as untimely by the Agency per a Final Agency Decision dated April 23, 2007. Plaintiff Bruce filed an appeal of the Final Agency Decision to the Equal Opportunity Commission's Office of Federal Operations ('OFO'), which appeal was denied by OFO per Decision dated August 2, 2007. A true and correct copy of the OFO Decision is attached hereto as Exhibit 'A.'
>
> 7. The records relating to Plaintiff Bruce further demonstrate that Plaintiff Bruce filed a request for reconsideration of the OFO's Decision denying her appeal of the Final Agency Decision. The OFO denied Plaintiff Bruce's request for reconsideration per Denial dated September 11, 2007. A true and correct copy of the OFO Denial is attached hereto as Exhibit 'B.'

A. <u>GOVERNING STANDARDS</u>.

    1. <u>Rule 12(b)(1)</u>.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). When a defendant challenges jurisdiction

*facially*, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. *Thornhill Publishing Co. v. General Telephone Electronics*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F. 2d 884, 891 (3d Cir.1977); *Cervantez v. Sullivan*, 719 F. Supp. 899, 903 (E.D. Cal.1989), *rev'd on other grounds*, 963 F. 2d 229 (9th Cir.1992).

A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. *Mortensen*, 549 F. 2d at 891. In such a case, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F. 2d 199, 201 (9th Cir.1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Publishing*, 594 F.2d at 733 (quoting *Mortensen*, 549 F.2d at 891).

2. <u>Summary Judgment</u>.

Summary judgment is proper when it is shown that there exists "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A fact is "material" if it is relevant to an element of a claim or a defense, the existence of which may

affect the outcome of the suit. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987). Materiality is determined by the substantive law governing a claim or a defense. *Id*. The evidence and all inferences drawn from it must be construed in the light most favorable to the nonmoving party. *Id*.

The initial burden in a motion for summary judgment is on the moving party. The moving party satisfies this initial burden by identifying the parts of the materials on file it believes demonstrate an "absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to defeat summary judgment. *T.W. Elec.*, 809 F.2d at 630. The nonmoving party "may not rely on the mere allegations in the pleadings in order to preclude summary judgment," but must set forth by affidavit or other appropriate evidence "specific facts showing there is a genuine issue for trial." *Id*. The nonmoving party may not simply state that it will discredit the moving party's evidence at trial; it must produce at least some "significant probative evidence tending to support the complaint." *Id*. The question to be resolved is not whether the "evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *United States ex rel. Anderson v. N. Telecom, Inc.*, 52 F.3d 810, 815 (9th Cir.1995). This requires more than the "mere existence of a scintilla of evidence in support of the

plaintiff's position"; there must be "evidence on which the jury could reasonably find for the plaintiff." *Id*. The more implausible the claim or defense asserted by the nonmoving party, the more persuasive its evidence must be to avoid summary judgment." *Id*. As explained in *Nissan Fire & Marine Ins. Co. v. Fritz Companies*, 210 F.3d 1099 (9th Cir.2000):

> The vocabulary used for discussing summary judgments is somewhat abstract. Because either a plaintiff or a defendant can move for summary judgment, we customarily refer to the moving and nonmoving party rather than to plaintiff and defendant. Further, because either plaintiff or defendant can have the ultimate burden of persuasion at trial, we refer to the party with and without the ultimate burden of persuasion at trial rather than to plaintiff and defendant. Finally, we distinguish among the initial burden of production and two kinds of ultimate burdens of persuasion: The initial burden of production refers to the burden of producing evidence, or showing the absence of evidence, on the motion for summary judgment; the ultimate burden of persuasion can refer either to the burden of persuasion on the motion or to the burden of persuasion at trial.
>
> A moving party without the ultimate burden of persuasion at trial - usually, but not always, a defendant - has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment ... In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial ... In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact ....

> If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial ... In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything ... If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense ... If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment ... But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion.

210 F.3d at 1102-1103.

**B.  SOVEREIGN IMMUNITY - FEDERAL TORT CLAIMS ACT.**

Defendants move to dismiss Plaintiff's claims based on assault, libel and slander, and defamation because Plaintiff has not and cannot plead compliance with the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346.

The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States. Although such claims can arise from the acts or omissions of United States agencies, an agency itself cannot be sued under the FTCA. *F.D.I.C. v. Craft*, 157 F.3d 697, 708 (9th Cir.1998). The requirement that a party file an administrative claim before filing an action under the FTCA is jurisdictional. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir.2000). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives

10

sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" *Id.* Compliance with the FTCA scheme allows a plaintiff to bring:

> claims for damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Vickers v. United States*, 228 F.3d 944, 948 (9th Cir.2000); *see* 28 U.S.C. §§ 2671-2680. A tort claim against the United States is "forever barred" unless the plaintiff has presented the claim in writing to the agency within two years after the claim accrues. 28 U.S.C. § 2401(b). The plaintiff may proceed with a claim in court only after the agency has issued its final denial or has failed to act on a claim within six months of its submission. *Id*. Where a plaintiff files suit without presenting the claim to the agency, the claim is subject to dismissal for lack of subject matter jurisdiction as the administrative claim requirement of 28 U.S.C. § 2675(a) is jurisdictional.

Further, although the United States generally has waived its sovereign immunity from tort claims in the FTCA (assuming compliance with the claim requirements), this waiver of sovereign immunity is limited by several exceptions set forth in 28 U.S.C. § 2680. At issue is the exception set forth in Section 2680(h):

> The provisions of this chapter and section 1346(b) of this title shall not apply to -

11

...
                    (h) Any claim arising out of assault,
                    battery, false imprisonment, false arrest,
                    malicious prosecution, abuse of process,
                    libel, slander, misrepresentation, deceit, or
                    interference with contract rights: *Provided*,
                    That, with regard to acts or omissions of
                    investigative or law enforcement officers of
                    the United States Government, the provisions
                    of this chapter and section 1346(b) shall
                    apply to any claim arising, on or after the
                    date of enactment of this proviso, out of
                    assault, battery, false imprisonment, false
                    arrest, abuse of process, or malicious
                    prosecution. For the purpose of this
                    subsection, 'investigative or law enforcement
                    officer' means any officer of the United
                    States who is empowered by law to execute
                    searches, to seize evidence, or to make
                    arrests for violations of Federal law.

To the extent that Plaintiff attempts to allege claims against Defendants for assault, libel, slander, and defamation, this Court lacks subject matter jurisdiction, *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). These claims are DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND.

C.  **EMPLOYMENT DISCRIMINATION CLAIMS TIME-BARRED**.

Defendants move to dismiss or for summary judgment to the extent Plaintiff alleges claims based on employment discrimination on the ground that such claims are time-barred.

Defendants refer to the exhibits attached to Mr. Phillips' declaration, in particular to the September 11, 2007 Denial of Plaintiff's request for reconsideration of the previous denial as untimely her formal complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964. Plaintiff was specifically advised that she had the

right to file a civil action in the appropriate United States District Court "within ninety (90) calendar days from the date that you receive this decision." Plaintiff did not commence this action until June 9, 2008.

Before a claimant can file a Title VII civil action, she must file a timely charge of discrimination with the EEOC. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). If the EEOC dismisses the charge, a claimant has ninety days to file a civil action. 42 U.S.C. § 2000e-5(f)(1). This ninety day period is a statute of limitations. *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir.1992). If a claimant fails to file the civil action within the ninety-day period, the action is barred. *Id.*

Because the ninety-day period within which to file a civil action after dismissal of the charge by the EEOC is a statute of limitations, it is subject to the doctrine of equitable tolling. *Scholar*, *supra,* 963 F.2d at 267. Equitable tolling is to be applied only sparingly, *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990), and "[c]ourts have been generally unforgiving ... when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights.'" *Scholar*, 963 F.2d at 268 (quoting *Irwin*, 498 U.S. at 96). "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time."

13

*Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir.1999).

Plaintiff's response to the motion to dismiss asserts:

> As for the time limit in which case was filed was well within the 300 day limit of said last notice given in which to file said case in a timely fashion or as I was instructed of said time in which I had to file, from said date of January 11th in the good lord's year of 2008. With all due respects to all parties in question, I am hereby requesting that this case by heard by said United States District Court Eastern District of California, for it remains to be a federal case in which the time references occurred upon federal grounds by federal employees or those whom were under the same rules and regulations while on federal grounds which apply to those involved, said actions which were stated in filing this case. My wish is to be able to move forward and allow this court to uncover said actions without any further delay if possible or to settle this case without any further delay which ever comes first.
>
> Said actions which merit that justice prevail in the pursuit of said case stands that they were in mere addressed to the EEOC, which gave me the understanding that as a Civil case and me being now a civilian could be filed in which I have done rightfully so, in the time which I was told to do so.
>
> Unless there is a new rule that I have not become known to.
>
> ...
>
> I did not see in going any further with the VA EEOC process for it only supports the Agency and not said rights of my own well being, that I was denied the right to represent my self when dealing the MBP, for I was denied the evidence in which to prove my case. Having gone as far as I could when given the right to file civil case, I did so.

Plaintiff's reference to the 300-day limit indicates that

Plaintiff has confused the time limit within which to file a charge of discrimination with the EEOC with the 90-day time limit to file a Title VII action in federal court after the EEOC issues the notice of right to sue.  Plaintiff appears to be arguing that the EEOC's decisions that Plaintiff's charge(s) of discrimination were untimely is an issue properly before the Court.  However, as discussed above, the record indicates that Plaintiff did not file her Title VII action in this court until well after the expiration of the 90-day period and that her Title VII claim is barred unless she can plead facts that she is entitled to equitable tolling.

Defendants' motion to dismiss Plaintiff's Title VII claims is GRANTED WITH LEAVE TO AMEND to allege facts upon which she relies in claiming that she is entitled to equitable tolling of the 90-day period.

D. **SOVEREIGN IMMUNITY - STATE LAW CLAIMS**.

Defendants move to dismiss the references in the Amended Complaint to "Section. 46. 3. 5.  Section 48.8(a).  Section 3294.  Section 51.7(a) Unruh Civil Rights Act.  Section 59.9(a)(1)(2)(4)-(b) Section 460 Section 4680.5 Section 1786.53(a) Section 815.2(a)" on the ground that any such claims are barred by the doctrine of sovereign immunity.

California Civil Code § 46 defines slander.  California Civil Code § 48.8(a) pertains to when a communication to school personnel regarding threats to commit violence on school grounds is defamatory.  California Civil Code § 3294 pertains to punitive

damages in an action for breach of an obligation not arising from contract. California Civil Code § 51.7(a) provides:

> All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, or position in a labor dispute, or because another person perceives them to have one or more of those characteristics.

The only references the Court could locate to Section 59.9 is in the legislative histories to California Health & Safety Code § 1597.55b and California Water Code § 42359. California Code of Civil Procedure § 460 pertains to pleading requirements for libel and slander. The Court could find no reference to a Section 4680.5. California Civil Code § 1786.53 pertains to the provision of personal information obtained regarding a consumer in lieu of using services of an investigative consumer reporting agency to the consumer. California Government Code § 815.2 pertains to liability of a public entity for injuries caused by an employee of the public entity.

"It is well settled that the United States is a sovereign, and as such, is immune from suit unless it has expressly waived such immunity and consented to suit." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). "Federal agencies and instrumentalities, as well as federal employees acting in their official capacities within their authority are similarly immune from suit." *South Delta Water Agency v. U.S. Dept. of Int.*, 767

16

F.2d 531, 536 (9th Cir. 1985). "Such a waiver cannot be implied, but must be unequivocally expressed." *DaGrossa, id.*, 756 F.2d at 1458. "Where a suit has not been consented to by the United States, dismissal of the action is required ... 'It is axiomatic that the United States may not be sued without its consent and that the existence of such consent is a prerequisite for jurisdiction.' ...." *Id*. As explained in *Lane v. Pena*, 518 U.S. 187, 192 (1996):

> A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text ... and will not be implied ... Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign ... To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims ... A statute's legislative history cannot supply a waiver that does not appear clearly in any statutory text; the "unequivocal expression" of elimination of sovereign immunity that we insist upon is an expression in statutory text.' ....

The plaintiff in a lawsuit against the United States must point to an unequivocal waiver of sovereign immunity. *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998). Whether the Government has waived its sovereign immunity to suit is a question of subject matter jurisdiction. *Id*.

Here, Plaintiff presents nothing from which it may be inferred that the United States has waived its sovereign immunity from suit under any of the California statutes cited in the Amended Complaint. Plaintiff's claims for relief based on the

California statutes cited in her Amended Complaint are DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND FOR LACK OF SUBJECT MATTER JURISDICTION.

An action against a federal employees in his individual capacity may be permitted where the employee is alleged to have violated the Constitution while acting under color of federal authority. *Gilbert v. DaGrossa*, *supra*, at 1459, citing *Davis v. Passman*, 442 U.S. 228 (1979) and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Here, Plaintiff's pleadings are so unclear that it cannot be determined whether Plaintiff is attempting to allege claims against Defendant Perry in his personal capacity for violation of Plaintiff's constitutional rights. In fact, neither the Complaint nor the Amended Complaint allege who Defendant Perry is or the capacity in which he is being sued and what he may or may not have done that Plaintiff relies on in naming him as a defendant in this action.

Nonetheless, because it is possible that Plaintiff may be able to state a *Bivens* claim against Alan Perry, leave to amend is GRANTED on this basis.[2]

Plaintiff is that Rule 8(a), Federal Rules of Civil Procedure provides:

> A pleading that states a claim for relief must contain:

---

[2] The Court is expressing no opinion whether or not Plaintiff has a viable *Bivens* claim.

> (1) a short and plain statement of the
> grounds for the court's jurisdiction, unless
> the court already has jurisdiction and the
> claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim
> showing that the pleader is entitled to
> relief;
>
> (3) a demand for the relief sought, which may
> include relief in the alternative or
> different types of relief.

Under Rule 8(a)(2), a pleading must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A complaint that is verbose, conclusory and confusing does not comply with Rule 8(a)(2). *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Rule 10(b), Federal Rules of Civil Procedure, provides:

> All averments of claim ... shall be made in
> numbered paragraphs, the contents of each of
> which shall be limited as far as practicable
> to a statement of a single set of
> circumstances; and a paragraph may be
> referred to by number in all succeeding
> pleadings. Each claim founded upon a
> separate transaction or occurrence ... shall
> be stated in a separate count ... whenever
> separation facilitates the clear presentation
> of the matters set forth.

Rule 15-220, Local Rules of Practice, provides in pertinent part:

> Unless prior approval to the contrary is
> obtained from the Court, every pleading to
> which an amendment ... has been allowed by
> Court order shall be retyped and filed so
> that it is complete in itself without
> reference to the prior or superseded
> pleading. No pleading shall be deemed
> supplemented until this Rule has been
> complied with. All changed pleadings shall
> contain copies of all exhibits referred to in

19

|   |   |
|---|---|
| 1 | the changed pleading. |
| 2 | Rule 83-183(a), Local Rules of Practice, provides in pertinent |
| 3 | part: |

> Any individual representing himself or
> herself without an attorney is bound by the
> Federal Rules of Civil ... Procedure and by
> these Local Rules.  All obligations placed on
> 'counsel' by these Local Rules apply to
> individuals appearing <u>in propria persona</u>.
> Failure to comply therewith may be ground for
> dismissal ... or any other sanction
> appropriate under these Rules ....

## CONCLUSION

For the reasons stated:

1. Defendants' motion to dismiss is **GRANTED IN PART WITH PREJUDICE AND WITHOUT LEAVE TO AMEND AND GRANTED IN PART WITH LEAVE TO AMEND.**

2. Plaintiff shall file a Second Amended Complaint in accordance with the rulings made herein within 20 days of the filing date of this Memorandum Decision. Failure to timely comply will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **April 29, 2009**          /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE