IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEBORHA BRUCE, | ) | 1:08-CV-00804 OWW/SMS |
| | ) | |
| | ) | MEMORANDUM DECISION RE |
| Plaintiff, | ) | DEFENDANTS' MOTION TO |
| | ) | DISMISS THE SECOND AMENDED |
| vs. | ) | COMPLAINT (Doc. 23) |
| | ) | |
| | ) | |
| ALAN PERRY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  INTRODUCTION

Before the court is a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) brought by Defendants Alan Perry, et al. ("Defendants").  The motion is directed at claims asserted by Plaintiff Deborha Bruce ("Plaintiff") in her Second Amended Complaint ("SAC").  Plaintiff late-filed opposition to the motion on August 5, 2009, to which she attaches a copy of an internal VA policy memorandum concerning prevention of sexual harassment, which states, among other things, that "the VA Director is responsible for eliminating discriminatory practices in the workplace."  Doc. 26

## II.  BACKGROUND

On June 9, 2008, Plaintiff Deborha M. Bruce, proceeding *in pro per,* filed a Complaint against "Allan Perry/Veterans Affairs/Veterans Medical Center" alleging, among other things, "Assaults, libel, slander, and defamation of character, victimization in a Federal work place, harassments, and intimations [sic]."  (Doc. 1 at 1.)  On September 18, 2008, Plaintiff filed an "Amendment," which was construed as a First Amended Complaint ("FAC"):

> I am Deborha Bruce, I hereby request for amendment be set forth in above case, Case should include the following as to Jurisdiction and additional submissions of codes in which cause of action or complaint is being filed:
>
> Justifying Jurisdiction, said case defendants are in part/work, of the federal departments in which federal jurisdictions are required in order for case to be heard.
>
> Additional submissions of Codes are as follows:
>
> Section. 46. 3. 5.  Section 48.8(a).  Section 3294.  Section 51.7(a) Unruh Civil Rights Act. Section 59.9(a)(1)(2)(4)-(b) Section 460 Section 4680.5 Section 1786.53(a) Section 815.2(a)
>
> Disparate treatment (Quinones v. Department of Defense)
>
> Constitutional Declaration of Rights Evidence code Section 352, 782, 1103 St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993)
>
> Please understand that I am doing my best in trying to represent myself and my knowledge is limited to trying to put this case into all of the codes, which maybe [sic] needed to be applied to this case.
>
> I understand that I may not have made it clear on the bases in which I am filing this case.

> **Therefore I am requesting that this case be heard upon it's own merits instead of any and all standing laws of this date, for it is unique upon it's [sic] own.**
>
> **I am able to understand that the only way I may receive any kind of justice for these issues is by bringing them forth into your Jurisdiction.**
>
> **The charges/complaints: Libel, Slander, and Assaults on federal property, defamations of my character, victimization in a federal work place, harassments, and intimations in a Federal work place.**
>
> **Disparate Treatment. And being threaten with AWOL for having a Jury Summons.**

On April 30, 3009, Defendants' motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction was granted.  (Doc. 20.)  Plaintiff's tort claims were dismissed without leave to amend, because she had not pled compliance with the Federal Tort Claims Act's ("FTCA"), 28 U.S.C. § 1346, administrative claim presentation requirement, and because the types of tort claims alleged (assault, libel, slander, and defamation) fell within an exception to the CTCA's waiver of sovereign immunity.  (*Id.* at 10-12.)  Claims based upon employment discrimination were dismissed as time-barred, although Plaintiff was granted leave to amend to allege equitable tolling.  (*Id.* at 12-15.)  Plaintiff's state law claims against the United States were dismissed without leave to amend on the ground that the United States had not waived sovereign immunity.  (*Id.* at 15-18.)  Finally, because it was not clear whether Plaintiff intended to file any federal claims against Alan Perry in his

individual capacity, Plaintiff was given leave to amend to state a claim under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Plaintiff filed her SAC on May 7, 2009. (Doc. 21.) Defendant again moves to dismiss, arguing that the FAC does not adequately allege that Plaintiff is entitled to equitable tolling, nor does the Plaintiff properly plead a valid *Bivens* claim. Moreover, Plaintiff reasserts tort claims which were previously dismissed without leave to amend.

### III.  DISCUSSION

**A.  GOVERNING STANDARDS.**

   **1.  Rule 12(b)(1).**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). When a defendant challenges jurisdiction

*facially*, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself.  *Thornhill Publishing Co. v. General Telephone Electronics*, 594 F.2d 730, 733 (9th Cir. 1979);  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F. 2d 884, 891 (3d Cir. 1977); *Cervantez v. Sullivan*, 719 F. Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F. 2d 229 (9th Cir. 1992).

### 2. Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a motion to dismiss for failure to state a claim upon which relief can be granted.  In determining whether to grant a motion to dismiss, the court accepts all factual allegations of the complaint as true and draws all reasonable inferences in the light most favorable to the nonmoving party.  *See Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002); *see also TwoRivers v. Lews*, 174 F.3d 987, 991 (9th Cir. 1999).  To survive a motion to dismiss, a complaint must "contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility," the Court explained, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  129 S. Ct. at 1949.  Dismissal of a

5

claim can also be based on lack of a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir 1990)  A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

      B.    <u>SOVEREIGN IMMUNITY - FEDERAL TORT CLAIMS ACT</u>.

The April 30, 2009 Decision dismissed Plaintiff's state law claims based on assault, libel, slander and defamation without leave to amend because plaintiff failed to plead compliance with the FTCA's claim presentation requirements.  Nevertheless, the SAC realleges "assaults both verbal and physical" along with "Defamation of Character."  (Doc. 21 at 1.)

The FTCA provides the only mechanism by which the United States may be sued in tort.  Under the FTCA, 28 U.S.C. § 2675(a), a claim is subject to dismissal for lack of subject matter jurisdiction where a plaintiff files suit without first presenting a claim to the appropriate agency.  (Doc. 20 at 11.) Requiring a party to file an administrative claim before filing an action under the FTCA is jurisdictional and "must be strictly adhered to."  (Doc. 20 at 10.) (citing *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000)).  The SAC does not provide any new evidence demonstrating that Plaintiff filed an administrative tort claim against the Department of Veterans Affairs.  The San Francisco Regional Counsel's Office has no record of any tort

6

1 claim filed by Plaintiff.  (Philips Decl. Doc. 16-3 at 2.)

2    The April 30, 2009 Decision explained, "although the United States generally has waived its sovereign immunity from tort claims in the FTCA, this wavier of sovereign immunity is limited by several exceptions set forth in 28 U.S.C. § 2680(h)."  (Doc. 20 at 11.)  Section 2680(h) states:

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter [28 USCS §§ 2671 et seq.] and section 1346(b) of this title shall apply to any claim arising on or after the date of the enactment of this proviso [enacted March 16 1974], out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution.  For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal Law.

   Plaintiff's tort allegations in the SAC, which are limited to claims of assault and defamation, fall within the scope of Section 2680(h).  *See Moore v. United Kingdom*, 384 F.3d 1079, 1088 (9th Cir. 2004) (explaining that 28 U.S.C. § 2680(h) bars claims of libel and slander); *Kaiser v. Blue Cross*, 347 F.3d 1107, 1117 (9th Cir. 2003) (explaining that U.S.C. § 2680(h) does not permit suits against the United States for defamation); *McLachlan v. Bell*, 261 F.3d 908, 912 (9th Cir. 2001) (concluding that sovereign immunity does not extend to claims of defamation); *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (explaining that defamation is a tort actionable under laws of most states, but

7

not a constitutional depravation).

Defendants' motion to dismiss the state law tort claims in the SAC is GRANTED WITHOUT LEAVE TO AMEND.

### C. EMPLOYMENT DISCRIMINATION CLAIMS ARE TIME-BARRED.

The April 30, 2009 Decision dismissed Plaintiff's employment claims as time-barred because Plaintiff did not file a civil action in the appropriate court within ninety days following the EEOC's denial of Plaintiff's employment claims:

> Before a claimant can file a Title VII civil action, she must file a timely charge of discrimination with the EEOC. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). If the EEOC dismisses the charge, a claimant has ninety days to file a civil action. 42 U.S.C. § 2000e-5(f)(1). This ninety day period is a statute of limitations. *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992). If a claimant fails to file the civil action within the ninety-day period, the action is barred. *Id.*

(Doc. 20 at 13.)

Plaintiff was granted leave to amend to allege equitable tolling (Doc. 20 at 15.) Equitable tolling, "applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstance beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). "[C]ourts have been generally unforgiving...when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights.'" *Scholar v. Pacific Bell*, 963 F.2d 264, 268 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S.

8

89, 96 (1990).

The SAC now alleges the following statement regarding the employment claims:

> I further more [sic] say that I have out of fear and in full knowledge that I had taken this case to the EEOC and had tried with the best of intentions of following all steps in which were required to me to follow portal call [sic] in filling [sic] this case, which lead me to believe that said steps only supported the agency's views without leaving me with a fair since [sic] of justice, that is why I have filed and being misinform or not understanding the prior time limits.

(Doc. 21 at 3.) Plaintiff does not plead any facts demonstrating that extraordinary circumstances disallowed Plaintiff from filing her claim on time, nor does the Plaintiff allege that the Defendant engaged in wrongful conduct. Plaintiff asserts that she was "misinformed" about the filing period without identifying who misinformed her. The EEOC sent Plaintiff a document clearly explaining that she has "the right to file a civil action in an appropriate United States District Court within ninety calender days from the date that you receive this decision." (Doc. 16-3 at 10.)

Plaintiff provides no facts or coherent explanation why she did not file within the 90 day limit or that any defendant in any way had any role in her failure to timely file. Ignorance of the law, standing alone, is insufficient. Equitable tolling has not been alleged. Defendants' motion to dismiss the employment-related claims in the SAC is GRANTED WITHOUT LEAVE TO AMEND as Plaintiff has been afforded the opportunity to amend and has not done so. Plaintiffs' assertions at oral argument have been

considered, but do not merit a finding that equitable tolling has been alleged.

### D. *BIVENS* CLAIM.

Because it was not clear from the FAC whether Plaintiff intended to assert a constitutional claim against Allan Perry in his individual capacity, she was given leave to amend to attempt to state a claim under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  To sufficiently assert a *Bivens* claim, a Plaintiff must allege (1) a violation of a constitutional right (2) by federal agents acting under the color of federal law.  *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003); *see also Vanstrum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).  Plaintiff appears to claim that her First Amendment rights have been violated because Plaintiff has experienced a "loss of freedom of speech."  (Doc. 21 at 1.)  Critically, "a *Bivens* action is, by definition, against defendants in their *individual* and not their *official* capacity."  *Vaccaro v. Dobre*, 81 F.3d 854 (9th Cir. 1996) (emphasis added); *see also Daly-Murphy v. Winston*, 837 F.2d 348 (9th Cir. 1988) (concluding that "a *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity."); *Consejo De Desarrollo Economico De Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (concluding that *Bivens* claims extend to federal agents in their individual capacity rather then there official capacity); *Morgan v. United*

10

*States*, 323 F.3d 776, 779 (9th Cir. 2003) (concluding that a Plaintiff could sue federal agents only if they were suing them in their individual capacity, rather than official capacity).

To state a cause of action against a defendant in his individual capacity, Plaintiff must allege that the individual defendant(s) knew of or participated in activities connected to the alleged constitutional violations. *See* Ortez v. Wash. County, 88 F.3d 804, 809 (9th Cir. 1996) (discussing individual capacity suit in the context of 42 U.S.C. § 1983). The SAC states:

> "this complaint...is towards... Allan Perry the Director of the VA medical Center here in Fresno, CA. and all agency members that supported or defended said actions of hostelries [sic] and acts of intimations [sic]." (Doc. 21 at 1).

These allegations do not assert Plaintiff has sued Alan Perry in his individual or official capacity as Director of the VA Medical Center. The names of the other "agency members" are never revealed and it is unclear if the "agency members" are being sued in their official or individual capacity.

Plaintiff alleges no facts that describe in what way her First Amendment rights have been violated. The FAC conclusively asserts "loss of freedom of speech" and "Loss of ability to the right of freedom of speech at employment site." (Doc. 21 at 2.) This absence of facts does not allow the court to draw a reasonable inference that the Defendants are liable for the misconduct alleged. *See Iqbal*, 129 S. Ct. at 1949 (holding that a *Bivens* claim against federal agents could not survive a motion

11

1 to dismiss because plaintiffs did not allege enough factual
2 content to "nudge [their] claim of purposeful discrimination
3 "across the line from conceivable to plausible).

4    Plaintiffs' untimely opposition cites to internal VA
5 Memorandum No. 00-06-034, which states, among other things, that
6 the VA Director is responsible for eliminating discriminatory
7 practices in the workplace.  This assertion in an a personnel
8 policy document is not an admission that a *Bivens* claim can lie
9 against Allen in his official capacity, nor can it be interpreted
10 as a waiver of sovereign immunity.

11    Defendants' motion to dismiss any *Bivens* claim asserted in
12 the SAC is GRANTED WITHOUT LEAVE TO AMEND.

### VI.   CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED in its entirety WITHOUT LEAVE TO AMEND.  Defendant shall file a form of order consistent with this memorandum decision within five days of electronic service.

IT IS SO ORDERED.

**Dated:   August 10, 2009**              /s/ Oliver W. Wanger
b2e55c                              UNITED STATES DISTRICT JUDGE